FILED

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

99 SEP 13 AM 9:58

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **JAMES BUTLER WOODARD,** | } | |
| Plaintiff, | } | |
| v. | } | **CASE NO. CV 98-B-1611-J** |
| **WAL-MART STORES, INC., d/b/a** | } | |
| **BUD'S DISCOUNT CITY, INC.,** | } | **ENTERED** |
| Defendant. | } | SEP 1 3 1999 |

### MEMORANDUM OPINION

Currently before the court is the Motion for Summary Judgment filed by defendant Wal-Mart Stores, Inc. ("Wal-Mart"). The present action arises out of a claim by plaintiff James Butler Woodard ("Woodard") that he was injured when he fell out of a rocking chair located on the floor of Bud's Discount City, Inc., which is owned by Wal-Mart. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that the defendant's Motion is due to be granted.

### I. FACTUAL SUMMARY

On December 18, 1996, Woodard and his wife went to Bud's Discount City in Jasper, Alabama for a close-out sale. (DX1, Woodard Dep. at 86-91). Woodard was looking for a blue glider rocker that he had seen there before. (*Id.* at 93). He had never been told by anyone that there was a problem with the rockers or that they were defective. (*Id.* at 94, 106). Woodard located the rocker and proceeded to sit down in it. (*Id.* at 131).

Before he sat down, Woodard glided the rocker back and forth with his hands. (*Id.* at 112). He did not observe any problems with the rocker. (*Id.*). When Woodard sat down in the



rocker, he testified that it "went so far back it turned a flip." (*Id.* at 132). Woodard fell back with the rocker onto the floor and hit his head on a nearby couch on the way down. (*Id.* at 136-37). He then turned on his side and crawled out of the rocker on its right side, leaving the chair tipped on the floor. (*Id.* at 138). Woodard felt pain in his right shoulder and neck. (*Id.* at 146).

In December 1996, Christopher Guthrie worked as assistant manager at Bud's in Jasper, Alabama. (DX2, Guthrie Dep. at 10, 13). After the accident in question, Guthrie was notified of the incident by another employee. (*Id.* at 22). When Guthrie arrived at the scene, the rocker was sitting upright on the floor. (*Id.* at 23). Guthrie inspected the rocker, gliding it back and forth, but did not notice any defects. (*Id.* at 23, 45-46). The rocker was then taken off of the floor and was placed in an area marked claims. (*Id.* at 23-24).

Prior to this incident, Guthrie had not received any reports from customers or employees that the rocker was defective or that there was any problem with it at all. (*Id.* at 43-44). Guthrie does not know who manufactured the rocker. (*Id.* at 25). Wal-Mart did not assemble the rocker. (DX 3). The rocker arrived at the store already assembled and was placed on the floor to be sold "as is." (DX 2, Guthrie Dep. at 45).

## II.   SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper if the pleadings and evidence indicate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment bears the initial burden of showing that no genuine issues exist. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgement, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the nonmovant need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III. DISCUSSION

In his Complaint, Woodard alleges that Wal-Mart is guilty of promissory fraud and negligence. The elements of fraud are (1) a misrepresentation, (2) of a material existing fact, (3) on which the plaintiff relied, and (4) which proximately caused injury or damage to the plaintiff. *Johnston v. Green Mountain, Inc.*, 623 So.2d 1116, 1121 (Ala. 1993).[1] In addition, in order to support a claim of promissory fraud, Woodard must show that at the time of the alleged misrepresentation, the defendant intended not to do the act or acts promised, but intended to

---

[1] Federal courts sitting in diversity must apply the substantive law of the forum state. *Johnson v. Fleet Finance, Inc.*, 4 F.3d 946, 947 (11th Cir. 1993) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

deceive the plaintiff. *Id.* Woodard has not alleged any facts supporting a claim that Wal-Mart or any of its employees intended to deceive him. In fact, Woodard failed to even argue his promissory fraud claim in his brief to the court. Thus, summary judgment is due to be granted on Woodard's promissory fraud claim.

In order to prove negligence on the part of the defendant, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injury. Alabama law provides that although the storekeeper is not an insurer of a customer's safety, a storekeeper is "under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers." *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). In order to sustain a claim, Woodard must demonstrate that the negligence of the store or the storekeeper's agents or servants was the proximate cause of his injuries.

Woodard was a business invitee on the premises of Wal-Mart. Accordingly, Wal-Mart owed him a duty to exercise reasonable care to maintain its premises in a reasonably safe condition. *McClendon v. Mountain Top Indoor Flea Market, Inc.*, 601 So.2d 957 (Ala. 1992). However, Wal-Mart is not the insurer of its invitees and no presumption of negligence arises from the mere fact of an injury to a business invitee. *Norris v. Wal-Mart Stores, Inc.*, 628 So.2d 475, 477 (Ala. 1993).

In his Memorandum Brief in Opposition to Summary Judgment,[2] Woodard contends that by failing to test the rocker before it was placed out for display, Wal-Mart did not exercise reasonable care. In support of this position, Woodard cites two Alabama Supreme Court cases. In *Norris v. Wal-Mart Stores, Inc.*, 628 So.2d 475 (Ala. 1993), the plaintiff was injured when several boxes of toothpaste, each weighing ten pounds, fell from a shelf above and injured her. At trial, the judge granted a directed verdict in favor of the defendant. However, the Alabama Supreme Court reversed holding that "[a] fact question was presented as to whether Wal-Mart breached its duty to provide a safe place for business invitees to shop by storing cases of toothpaste on high shelves, under which customers were invited to shop, without providing a railing to keep a heavy box from falling on a customer." *Id.* at 477-78.

The other case cited by Woodard is *Mims v. Jack's Restaurant*, 565 So.2d 609 (Ala. 1990). In *Mims*, the plaintiff tripped over a raised groove in the threshold of the door to defendant's business and fell onto the concrete sidewalk. A witness testified that some of the screws which moored the threshold to the floor were missing. The Alabama Supreme Court reversed the trial court's grant of summary judgment holding that "the question whether Jack's should have known that the threshold was defective was a question for the jury." *Id.* at 611.

---

[2]In the Scheduling Order entered by this court on November 10, 1998, any party opposing summary judgment was required to file evidentiary materials and an accompanying brief no later than 21 days after the movant filed its evidence and submitted its brief to the court. Defendant filed a Motion for Summary Judgment, an accompanying brief, and its evidentiary materials with the court on April 30, 1999. However, plaintiff did not submit his Memorandum Brief in Opposition to Summary Judgment until June 22, 1999. Despite the fact that plaintiff filed his brief four weeks late, the court will deny defendant's Motion to Strike. However, if plaintiff's counsel fails to file a timely Response with this court in the future, it will be stricken from the record.

Both *Norris* and *Mims* are distinguishable from the present case. In *Norris*, the lack of a railing on the shelf was a defect which any and all employees could see. Thus, a reasonable jury could have determined that the employees knew or should have known of the possible danger of ten pound boxes falling onto customers. Similarly, in *Mims,* a reasonable jury could have found that because the defective threshold was in the door of the main entrance, employees of Jack's knew or should have known that it was dangerous. Conversely, in the present case, there is no evidence that employees of Wal-Mart knew or should have known of a defect in the chair. The employees at Wal-Mart did not assemble the chair, but rather unloaded it already assembled and placed it in the store. Before the accident, there were no complaints by either employees or customers about the safety of the rockers. Before he sat in the chair, Woodard inspected it by gliding the rocker back and forth was his hands and found nothing wrong with it. Even after Woodard flipped over in the rocker, Wal-Mart employees were not able to find any defect in the chair.

Had Wal-Mart employees sat in the chair, there is no evidence to suggest that a defect would have been located. In fact, after the accident, Wal-Mart employees searched for defects in the rocker and none were found. There is no evidence that any employees knew or should have known of a defect in the rocker. Therefore, there is not sufficient evidence for a reasonable jury to find that Wal-Mart or any of its employees failed to use reasonable care. Hence, summary judgment on Woodard's negligence claim is due to be granted.

### IV. CONCLUSION

The court concludes that defendant's Motion for Summary Judgment is due to be granted and that defendant's Motion to Strike is due to be denied. All claims against Wal-Mart will be

dismissed with prejudice   An order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 13th day of September, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge